|     |     |     |
| --- | --- | --- |
| DONALD COLE BURCHETT, | ) | |
| Plaintiff, | ) | CASE NO.   C05-1316-JCC-JPD |
| v. | ) | |
| JEFFREY RAMSDELL, *et al.*, | ) | REPORT & RECOMMENDATION |
| Defendants. | ) | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

### INTRODUCTION

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis* in this action brought pursuant to 42 U.S.C. § 1983.  He names as defendants the Honorable Jeffrey Ramsdell, the state trial court judge who presided over his criminal case, Kelly Grace, the prosecutor who prosecuted him, and Bruce Shamulka, the public defender who defended him.  (Complaint at 3). The complaint has not been served on defendants because, as discussed below, it is clear that they are protected by immunity.  Accordingly, the court recommends that the complaint and this action be dismissed.

### BACKGROUND

On July 26, 2005, plaintiff submitted the instant civil rights complaint, along with an application to proceed *in forma pauperis*.  (Dkt. #1).  Plaintiff alleges that while facing criminal charges in King County Superior Court, his constitutional rights were violated by the judge, prosecutor, and public defender assigned to the case.  Although not entirely clear, plaintiff appears to allege that he was convicted without pleading guilty or being tried, that the prosecutor filed a plea

REPORT & RECOMMENDATION
PAGE - 1

agreement containing false charges, and that his public defender approved the judgment and sentence even though he knew that plaintiff had not been tried nor accepted a plea agreement. (Complaint at 3). For relief, plaintiff asks for thirty million dollars for the past five years of allegedly false imprisonment that he has suffered due to the actions of the defendants. (*Id*. at 4).

## DISCUSSION

In order to sustain a cause of action under 42 U.S.C. §1983, plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Supreme Court has determined "that certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment. Accordingly, the Court has granted absolute immunity to . . . *judges, prosecutors*, witnesses, and officials performing quasi-judicial functions. . . . " *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991), *quoting Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985) (internal quotations omitted) (emphasis added). Even allegations of bad faith or malice are not sufficient to overcome this immunity. *See Mireles v. Waco,* 502 U.S. 9, 11 (1991). Therefore, plaintiff's claims against the Honorable Jeffrey Ramsdell, the judge who presided over plaintiff's criminal case, and Kelly Grace, the attorney who prosecuted him, should be dismissed for failure to state a claim for which relief may be granted. As the Ninth Circuit Court of Appeals observed: "The proper forum for challenges to these allegedly improper actions is in the adversary proceedings where they take place, or if warranted, in professional disciplinary proceedings, not in a separate suit for damages." *Fry v. Melaragno*, 939 F.2d 832, 835-36 (9th Cir. 1991).

Turning to plaintiff's claim against his attorney, the court notes that the Supreme Court has held that when public defenders are acting in their role as advocate, they are not acting under color of state law for § 1983 purposes, because their conduct is controlled by professional standards and not by their supervisor. *See Polk County v. Dodson*, 454 U.S. 312, 320-25. (1981). Here, plaintiff

alleges that his attorney failed to object to the judgment and sentence even though plaintiff allegedly had not pleaded guilty nor had a trial. (Complaint at 3). Thus, it appears that plaintiff's appointed counsel was acting in his role as an advocate, even if plaintiff alleges that he acted deficiently. Accordingly, plaintiff's attorney was not acting under color of state law and cannot be sued under § 1983. The claim against him should consequently be dismissed.[1]

## CONCLUSION

For the foregoing reasons, the court recommends that the complaint and this action be dismissed for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In addition, this dismissal should count as a "strike" under 28 U.S.C. § 1915(g). A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of August, 2005.

/s/ James P. Donohue
_____
JAMES P. DONOHUE
United States Magistrate Judge

---

[1] Because it is clear that no amendment could cure the defects discussed above, plaintiff is not entitled to an opportunity to amend the complaint prior to dismissal. *See Lucas v. Dep't of Corrections*, 66 F. 3d 245, 248 (9th Cir. 1995).

REPORT & RECOMMENDATION
PAGE - 3